UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA CRAWFORD,

        Plaintiff,

v.

DAVID'S BRIDAL, INC., f/k/a
PHILLIE BRIDALS, INC.,

        Defendant.
_____/

CASE NO. 07-13830

HON. MARIANNE O. BATTANI

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Cynthia Crawford's Motion for Reconsideration of Order Granting Defendant's Motion for Summary Judgment (Doc. No. 34). Because Crawford's raises arguments the Court already has rejected, the Court **DENIES** her motion.

**I. BACKGROUND**

Plaintiff Cynthia Crawford, an African American, filed a complaint against her former employer, David's Bridal, Inc. (David's Bridal), alleging that she was terminated because of her race in violation of state and federal law. The incident that precipitated Plaintiff's termination occurred on February 25, 2006, near the end of Crawford's shift. Tracy Leeman, the Assistant Store Manager, asked Crawford to straighten the racks of bridal gowns. Crawford did not straighten the runs and left the store before her shift ended without receiving authorization from management to leave.

Marisol Ortiz, the Third Key, an employee that could lock up and cover as manager in the store, reported that when Plaintiff walked off the job, she stated she was not

straightening the "fucking runs." Ortiz Dep. at 19-20, 27-28. In conjunction with her termination, Crawford received a Performance Notice that articulated the basis of her termination. Pl.'s Ex. 15. It describes the violation as follows:

> On 2/25/06 Tracy [Leeman] asked you to straighten your bridal runs before you left and to finish your scheduled shift which was until 7:00 p.m. At that time you proceeded to get your belongings and clocked out @ 6:37 and did not ask either member of mgt that w[as] here if it was okay to leave. Then at that time you proceeded to the front of the store to where Mari [Ortiz] was and told her that "you were not going to straighten your fucking runs" and left the store.

Id.

Crawford later contacted Defendant's Director of Compensation & Labor Relations, Michele Pieroni. Plaintiff told Pieroni she left because she was ill, did not use profanity and that she wanted to continue her employment with David's Bridal.

## II. STANDARD OF REVIEW

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion "for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). To that end, a party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F. Supp.2d 787, 789 (W.D. Mich. 1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

### III. ANALYSIS

The Court finds that Plaintiff has failed to carry her burden of proving a palpable defect that warrants reconsideration. For the most part, in her pleading, Crawford merely repeats arguments she raised in her response to the summary judgment motion--other employees, similarly-situated, were treated differently.

The Court does address one issue raised, and that is Plaintiff's contention that the Court's characterization of her claim as a single-motive case rather than a mixed-motive case violates the notice pleading rules. The Court declined to analyze her claim as brought under a mixed-motive theory and upon review of pleadings adheres to its characterization. In her responsive pleading, Plaintiff cited White v. Baxter Healthcare Corp., 533 F.3d 381, 404 (6th Cir. 2008), for the proposition that the standard applicable to employment cases has changed. In support of this contention, she merely cited the affidavit of a former employee of David's Bridal, who related events that occurred at a different place of employment more than a year after Crawford's termination. See Louis-Smith Aff, Plaintiff's Response to Defendant's Motion for Summary Judgment, Ex. 12. Other than this brief citation to White, and the affidavit, Plaintiff's opposition focused on the shifting burden analysis applicable to a single-motive claim. Even if the Court had found the argument properly raised and briefed, it finds that the analysis would not lead to a different outcome.

In a mixed motive case, a plaintiff alleges both legitimate and discriminatory reasons motivated the adverse decision. Accordingly, a plaintiff "need only produce evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) 'race, color, religion, sex, or national origin was a

3

motivating factor' for the defendant's adverse employment action." White, 533 F.3d at 400 (quoting 42 U.S.C. § 2000e-2(m)).

The burden to establish a mixed-motive discrimination claim is not onerous, but ultimately Crawford has not "produced evidence from which a jury can logically infer" that her termination was motivated in part by race. See White, 533 F.3d at 404, and the Court finds that the award of summary judgment to Defendant is proper.  Without question, Plaintiff establishes the first factor through her termination.  The evidence that Crawford advances to show the second factor can be characterized as either inadmissible evidence that others shared her belief that the District Manager harbored racial animus or evidence to show that Crawford did not engage in the conduct alleged.  Neither satisfies her burden. See Graham v. Best Buy Stores, L.P., No. 07-4139, 2008 WL 4679547 (6th Cir. October 22, 2008).

Specifically, Plaintiff relies on the fact that she was a top producer in the store and that other people told her that the District Manager, who recommended termination, was predisposed to discriminate against African American employees.  The affidavits upon which she relies fail to constitute admissible evidence.  See Speight v. Communications Workers of Am., No. 3:07-cv-382, 2009 WL 949073 (S.D. Ohio April 01, 2009) (rejecting as inadmissible evidence, affidavits attesting to witnesses' belief that the plaintiff was terminated because of her race).  None of these beliefs are substantiated by admissible evidence that would prove that race was part of a mixture of motives behind the termination decision.

Crawford adds that the District Manager caused store managers to create a file

4

criticizing Plaintiff's sales numbers. Plaintiff may have been outselling the other sales people, but there is no dispute that Plaintiff was not meeting her conversion goals, and that failure was identified as the basis of criticism. Management had discussed its expectations with Crawford.

Finally, Plaintiff maintains that Ortiz recanted her version of the events. Crawford relies on the Affidavit of Margaret Grigorian, who was the Manager of Alterations, at the time of the incident. Included in her Affidavit, is the statement that Ortiz admitted that Crawford had not used profanity during the incident in question. Pl.'s Ex. 13, Response to Defendant's Motion for Summary Judgment. Even if this statement were admissible, there is no evidence showing that management knew that Ortiz lied about the incident. Pl.'s Ex. 14 at 18, Response to Defendant's Motion for Summary Judgment. The Court rejects Plaintiff's position that because management knew that Ortiz lied about a personal relationship that violated store policy, management had reason to know Ortiz lied about Crawford's conduct. Moreover, Ortiz was not the sole witness to the incident; several employees saw Crawford stop and say something to Ortiz. There is no dispute that Crawford left work before the end of her shift without the permission of management. She failed to straighten runs as instructed. There is no dispute that management already believed that Plaintiff was not a team player and was insubordinate. In sum, although Crawford claims that Defendant wrongly assessed her, denies using the language attributed to her, and provides an explanation for leaving the store without finishing her shift, this evidence does not create any basis for leaping to the conclusion that the decision to terminate her was based, at least in part, upon her race. Compare Wexler v. White's

5

Fine Furniture, Inc., 317 F.3d 564, 571 (6th Cir. 2003) (stating that criticism of an employee's performance, even if true, which is linked to stereotypes associated with a plaintiff's membership in a protected class is therefore squarely within the rubric of a mixed-motive analysis).

### IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: June 18, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.


s/Bernadette M. Thebolt
Deputy Clerk